No. 18,444.

American Medical and Dental Association
v. Jeane Brown.
(344 P. [2d] 189)

Decided September 21, 1959.

Mr. James E. Fairchild, Jr., for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

PER CURIAM.

PLAINTIFF in error was defendant in an action instituted by the defendant in error in the Justice Court of the City and County of Denver to recover a sum of money paid by her to the defendant. Judgment in the justice court was in favor of the plaintiff and the defendant appealed to the Superior Court of the City and County of Denver, where upon trial de novo a like judgment was entered. Defendant is here on writ of error.

It appears that a Dr. Mathers (deceased at the time of the trial) assigned to the defendant an account for professional services rendered by him to the plaintiff. When demand for payment was made by the assignee she advised the party who contacted her that she had paid the account of the doctor in person and had a receipt therefor. She was unable to produce the receipt at the time, however, and the defendant sued in the justice court in attachment and garnished her wages. To obtain a release of the garnishment she paid the amount demanded and the action was dismissed. Later she found the receipt representing payment of this account and demanded a return of the money paid and upon refusal instituted this action in the justice court.

For reversal it is contended that the action is one for the recovery of money paid by mistake and cognizable only in equity, and since the justice courts have no jurisdiction in matters of equity the action must fail. We find no merit in this contention. The action is plainly one for money had and received, obtained through the coercion of a garnishment proceeding.

Objection is made to the admission in evidence of the receipt upon which the action was predicated. It is said that this receipt is nothing but "hearsay." The

plaintiff testified that she could not identify the doctor's signature and did not see him sign the receipt, but in view of her positive testimony that she paid the doctor his claim in full and that he in turn handed her the receipt in question, rendered it admissible as an incident of the transaction and not objectionable as hearsay.

In sum, the doctor, who was deceased at the time of the trial, received from plaintiff the amount of his claim which was later sued on by his assignee and rather than have a garnishment against her salary go to judgment, paid the amount demanded. Later, having found the receipt representing payment of the account, she demanded a return of the money paid the assignee. Under the circumstances appearing in this record the plaintiff was entitled to recover, accordingly the judgment of the trial court is affirmed.